69-81 108th Realty, LLC v Zaroogian (2025 NY Slip Op 50824(U))

[*1]

69-81 108th Realty, LLC v Zaroogian

2025 NY Slip Op 50824(U)

Decided on May 2, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 2, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, MARINA CORA MUNDY, JJ

2023-1391 Q C

69-81 108th Realty, LLC, Appellant,
against
Paul Zaroogian, Respondent, "John Doe" and "Jane Doe," Undertenants. 

Cornicello, Tendler & Baumel-Cornicello, LLP (Susan Baumel-Cornicello of counsel), for appellant.
New York Legal Assistance Group (Zara Feingold and Ivan Sanchez of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Enedina Pilar Sanchez, J.), dated December 20, 2023. The order denied landlord's motion to dismiss tenant's affirmative defenses and counterclaims and for summary judgment on the petition in a holdover summary proceeding.

ORDERED that the order is reversed, without costs, and landlord's motion to dismiss tenant's affirmative defenses and counterclaims and for summary judgment on the petition is granted.
Landlord commenced this holdover proceeding to recover possession of a purportedly unregulated apartment after the lease term had ended. Tenant interposed four affirmative defenses and three counterclaims. The first three affirmative defenses and first counterclaim are based upon the tenant's allegation that the premises are subject to rent stabilization. The fourth affirmative defense and second counterclaim allege a failure to provide tenant with a reasonable accommodation. The third counterclaim seeks to recover attorney's fees. Landlord moved to dismiss all of tenant's affirmative defenses and counterclaims and for summary judgment on the petition. By order dated December 20, 2023, the Civil Court (Enedina Pilar Sanchez, J.) denied landlord's motion.
"The standard of review on a motion to dismiss an affirmative defense pursuant to CPLR [*2]3211 (b) is akin to that used under CPLR 3211 (a) (7), i.e., whether there is any legal or factual basis for the assertion of the defense" (Matter of Ideal Mut. Ins. Co., 140 AD2d 62, 67 [1988]). In moving to dismiss an affirmative defense pursuant to CPLR 3211 (b), the plaintiff or petitioner bears the burden of establishing "that a defense is not stated or has no merit."
Tenant's first three affirmative defenses and the first counterclaim are predicated upon the premises being subject to rent-stabilization because "[u]pon information and belief, the subject premises [were] not legally deregulated in 2009, in that there was an illegal rent increase in 2005." However, landlord demonstrated that tenant's allegation is without merit as a matter of law, and, in opposition to landlord's motion, tenant failed to rebut that showing. Therefore, the first three affirmative defenses and first counterclaim were insufficient to survive landlord's motion to dismiss. While tenant raises an additional argument in his brief regarding an illegal rent increase in 2006, that argument is not considered since it was made for the first time on appeal (see 41 Kew Gardens Rd. Assoc., LLC v Munarov, 83 Misc 3d 132[A], 2024 NY Slip Op 51165[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]). 
Further, we find that tenant's fourth affirmative defense and second counterclaim—the failure to offer a reasonable accommodation—are without merit in an end of lease holdover proceeding seeking to recover an unregulated apartment. Landlord demonstrated that it complied with all statutory requirements for the maintenance of this holdover proceeding (see RPAPL 711 [1]; former Real Property Law § 226-c [1], [2] [d]). Consequently, the fourth affirmative defense and second counterclaim cannot survive landlord's motion to dismiss.
Landlord has demonstrated its prima facie entitlement to summary judgment as a matter of law on the petition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), and, as it is uncontroverted that the term of the lease has ended, tenant has failed to show any material issues of fact that require a trial (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]). Therefore, landlord's motion for summary judgment is granted and, as a result, tenant's counterclaim for attorney's fees is dismissed.
Accordingly, the order is reversed and landlord's motion to dismiss tenant's affirmative defenses and counterclaims and for summary judgment on the petition is granted.
TOUSSAINT, P.J., BUGGS and MUNDY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 2, 2025